[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT #152.3
The plaintiff has appealed to the Superior Court pursuant to Connecticut General Statutes § 12-117a from the decision of the Board of Tax Review for the defendant, City of Waterbury, denying the plaintiff's request to revalue the plaintiff's property located at 101-115 South Main Street, Waterbury, Connecticut for the grand list for October 1, 1993. The plaintiff has amended the original complaint twice to include the grand lists of October 1, 1994, October 1, 1995, October 1, 1996 and October 1, 1997.
The plaintiff alleges that the defendant city has failed to implement the decennial revaluation for the grand list of October 1, 1990 and that the defendant has continued to value the plaintiff's property at the fair market valuation implemented on October 1, 1980 for the years under litigation. The plaintiff alleges that the defendant's failure to implement the 1990 revaluation has resulted in a grossly excessive, disproportionate and unlawful valuation of the plaintiff's property.
The defendant contends that summary judgment should be granted in its favor because the decision by the Supreme Court in CT Page 3984Stafford Higgins Industries. Inc. v. City of Norwalk,245 Conn. 551, 715 A.2d 46 (1998), precludes the plaintiff's recovery. The defendant argues that the state legislature has corrected any wrongdoings by the defendant that may have transpired prior to October 1998. In support of its argument, the defendant attached certified copies of the minutes of the Board of Aldermen meetings for three separate occasions which the defendant contends proves that the defendant acted properly in staying the implementation of the 1993 grand list in accordance with Connecticut General Statutes § 12-62h, as enacted by Spec. Sess. P.A. 94-4, § 51.
Stafford Higgins Industries, Inc. v. City of Norwalk, supra,145 Conn. 551, involved an appeal from the Superior Courts, Levin, J., decision entering judgment for the defendants on the plaintiff's action brought pursuant to Connecticut General Statutes § 12-119. The Supreme Court upheld the trial courts findings that (1) the City of Norwalk had validly postponed the revaluation for purposes of the grand lists of October 1, 1993 and 1994 and (2) Public Act 94-4 was constitutional.[1]
In Stafford Higgins Industries, Inc. v. City of Norwalk, Superior Court, judicial district of Fairfield, Docket No. 317449 (March 10, 1997, Levin, J.), the plaintiffs brought an action pursuant to Connecticut General Statutes § 12-119 claiming the City of Norwalk acted illegally when it stayed the implementation of its 1993 decennial revaluation, instead using the October 1, 1983 valuation to establish the city's final budget and mill rates. The facts are as follows. In 1993, the City of Norwalk conducted its decennial revaluation pursuant to Connecticut General Statutes § 12-62 and established a grand list based on that revaluation. At a March 8, 1994 meeting of Norwalk's Common Council, the mayor addressed the council requesting authorization to petition the Secretary of the Office of Policy and Management for a deferment in implementing the 1993 revaluation for not longer than three years. Although the issue was not on the councils agenda, the Common Council voted and approved the mayors request. On April 12, 1994, Norwalk's Board of Estimate and Taxation established its final budget and mill rate based on the October 1, 1983 revaluation rather than the 1993 revaluation. On June 1, 1994 tax bills were issued, which were accompanied by a letter addressed from the mayor informing taxpayers that the 1993 revaluation was postponed.
On June 9, 1994, Spec. Sess. P.A. 94-4 (P.A. 94-4), now CT Page 3985 codified as Connecticut General Statutes § 12-62h, was enacted. This legislation allowed a municipality to suspend implementation of a decennial revaluation for up to two years pending Property Tax Reform in 1995.
The Norwalk Common Council met on June 18, 1994 and passed a resolution not listed on its agenda authorizing the stay of implementation of the 1993 revaluation for up to two years pursuant to P.A. 94-4. On December 27, 1994, the Norwalk Common Council passed a motion to again stay implementation of its 1993 revaluation until July 1, 1996.
The plaintiffs argued that the City of Norwalk's actions were illegal in that (1) the action of the Norwalk Common Council on March 8, 1994 violated the Freedom of Information Act, (2) the mayors request to the Secretary of the Office of Policy and Management for a deferment in the implementation of the 1993 revaluation did not comport with statutory requirements, (3) the mayors unilateral decision to postpone the implementation of the 1993 decennial revaluation was illegal, (4) the adoption of the 1994-1995 budget, establishment of mill rates and calculation and issuance of tax bills were done in derogation of statutes, when the Board of Tax Review had yet to complete its business, (5) the June 28, 1994 vote of the Common Council purporting to ratify its prior actions was illegal, (6) P.A. 94-4 is unconstitutional because it unconstitutionally delegates legislative authority to municipalities, its retroactive application denies the plaintiffs of vested rights and it impermissibly interferes with the plaintiffs' due process rights, and (7) P.A. 94-4 deprives the plaintiffs' of equal protection.
The trial court found that it lacked subject matter jurisdiction to address the plaintiff's first two arguments. The trial court then addressed the actions of the mayor in unilaterally staying implementation of Norwalk's 1993 revaluation. The court held that the mayor acted outside his authority and thus his action was illegal and void. Next, the court reviewed the June 28, 1994 vote to "authorize the stay of implementation" and held that the council clearly manifested its intent to stay implementation of Norwalk's 1993 revaluation although it may have been poorly expressed.
The court then held that the action of the Common Council on June 28, 1994 could not ratify any prior stay of implementation because neither the city nor any of its officers or boards had CT Page 3986 authority to take such action prior to the enactment of P.A. 94-4. Ultra vires acts cannot be cured by ratification. Neither did the enactment of P.A. 94-4 cure Norwalk's lack of authority.
The trial court, however, found that the Common Council had validly acted at its June 28, 1994 meeting when it passed the resolution to stay implementation of the 1993 revaluation. The court held that P.A. 94-4 was retroactive by legislative intent and because the City of Norwalk had not established its mill rates by the February 15, 1994 date specific in the act, the Common Councils action at the June 28, 1994 meeting resulted in a stay of implementation of the city's 1993 revaluation.[2]
The Supreme Court also found that the City of Norwalk's action at the June 28, 1994 meeting in staying the implementation of its 1993 revaluation to be valid under P.A. 94-4 because that act was retroactive in nature. Stafford Higgins Industries, Inc.v. City of Norwalk, supra, 245 Conn. 563-55. The Supreme Court, however, stated that the defendant's June 28, 1994 resolution could not have validly ratified the city's actions in postponing the implementation of the revaluation prior to the enactment of P.A. 94-4. Id., 564.
In light of the foregoing, the court finds that the defendant's reliance on the Stafford Higgins decisions that the defendant's actions pursuant to P.A. 94-4 have a curative effect on any of its prior improper acts is misplaced. The StaffordHiggins decisions make it clear that the only reason that the City of Norwalk was able to properly postpone implementation of its 1993 revaluation was because of the retroactive effect of P.A. 94-4 itself, not because the city's resolution ratified or cured any past illegal actions. In the present case, the defendant has failed to prove in its motion for summary judgment that its resolution pursuant to P.A. 94-4 properly postponed the implementation of the defendant's revaluation which was to be implemented on October 1, 1990, unlike Norwalk's revaluation which was to be implemented October 1, 1993. The defendant provided no evidence to prove that the its actions between October 1, 1990 and its June 20, 1994 resolution to stay implementation of the property revaluation pursuant to P.A. 94-4 were proper. Without this trail of evidence, the court is unable to determine that the defendant is entitled to summary judgment as a matter of law.
Clearly, there is a genuine issue of material fact concerning CT Page 3987 whether the defendant has properly postponed implementation of its October 1, 1990 revaluation. Accordingly, the court denies the defendant's motion for summary judgment on the grounds that a genuine issue of material fact exists.
THOMAS G. WEST, J.